IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| W.T. SHAW | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-11-CV-2967-M-BD |
| | § | |
| CITY OF ALVARADO, ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This is an unspecified civil action brought by W.T. Shaw, appearing *pro se*, arising out of the condemnation and/or destruction of his home in Grandview, Texas, and a commercial building owned by him in Alvarado, Texas. As part of his complaint filed on October 31, 2011, plaintiff seeks a restraining order to prevent the cities of Grandview and Alvarado, as well as the city of Cleburne and Johnson County, from taking "any actions" against him and his properties until this lawsuit is resolved. (*See* Plf. Compl. at 12, ¶ 57). For the reasons stated herein, the request should be denied.

A temporary restraining order is an extraordinary remedy "not to be granted routinely." *White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989). In order to obtain injunctive relief, plaintiff must prove, by a clear showing: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable harm if the injunction is not granted; (3) that the threatened harm outweighs any damage the injunction might cause to the opposing party; and (4) that the injunction will not disserve the public interest. *See Sierra Club v. City of San Antonio*, 112 F.3d 789, 793 (5th Cir. 1997), *cert.*

*denied*, 118 S.Ct. 879 (1998). If plaintiff fails to carry his burden on any one of the four elements, the court must deny the motion. *See Gonannies, Inc. v. Goupair.Com, Inc.*, 464 F.Supp.2d 603, 607 (N.D. Tex. 2006); *Sun Water Systems v. Vitasalus, Inc.*, No. 4-05-CV-574-Y, 2007 WL 628099 at *7 (N.D. Tex. Feb. 28, 2007).

Nowhere in his complaint does plaintiff allege, much less prove, that he will suffer irreparable harm if an injunction is not granted. His vague allegations of wrongful conduct by city and county officials are insufficient to merit injunctive relief. *See Brooks v. Wells Fargo Home Mortgage*, No. 3-04-CV-1686-B, 2004 WL 1800750 at *1 (N.D. Tex. Aug. 11, 2004), *rec. adopted*, 2004 WL 1982522 (N.D. Tex. Sept. 2, 2004) (denying TRO where plaintiff failed to allege any facts to support claim of irreparable injury).

## **RECOMMENDATION**

Plaintiff's motion for temporary restraining order should be denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the

district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: November 2, 2011.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE