IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WILLIAM TERRELL SHAW | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-11-CV-2967-M-BD |
| | § | |
| CITY OF ALVARADO, ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Plaintiff William Terrell Shaw, appearing *pro se*, has filed a motion to proceed *in forma pauperis* in this civil action brought under 42 U.S.C. § 1983 and the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, *et seq.* For the reasons stated herein, the motion should be denied.

A district court may authorize the commencement of a civil action without the prepayment of fees or costs "by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). The court must examine the financial condition of the applicant in order to determine whether the payment of fees would cause an undue financial hardship. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir.), *cert. denied*, 109 S.Ct. 364 (1988). A court enjoys limited discretion to grant or deny *in forma pauperis* status based on the financial resources of the litigant. *See Adkins v. E.I. Du Pont De Nemours & Co.*, 335 U.S. 331, 337, 69 S.Ct. 85, 88, 93 L.Ed. 43 (1948).

Plaintiff has submitted an affidavit which states that he is unable to pay the costs of maintaining this action. However, the affidavit indicates that plaintiff has a monthly income of

$1,300, owns a $71,000 home, two vehicles and $35,000 worth of farm equipment, and has $3,000 in cash. His monthly living expenses total $1,195. When asked why he cannot pay the costs of this proceeding, plaintiff states, "Fraud by Alvarado & Grandview but that is the main case." The filing fee for a civil action is $350. *See* 28 U.S.C. § 1914(a). In view of plaintiff's financial resources, particularly $3,000 in cash assets, the court determines that he is able to pay this fee and the other costs of suit without causing undue financial hardship.

**RECOMMENDATION**

Plaintiff's motion to proceed *in forma pauperis* [Doc. #4, 9] should be denied. Plaintiff should be ordered to pay the statutory filing fee within 20 days after this recommendation is adopted by the district judge. If he fails to do so, this case should be dismissed without further notice.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: November 22, 2011.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE